20063—Oakwood Real Estate Co. v Leo C. Wildermuth. *motion for Montgomery Appeals to certify.* James & Coolidge, Dayton, for pltf; Bowman & Shively, Dayton, for deft.

### AUG. 19, 1926

20064—*Columbus Delaware and Marion Electric Co.* v. Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. W. P. Maloney, Marion, for pltf; C. C. Crabbe and J. W. Bricker, Columbus, for deft.

### AUG. 20, 1926

20065—Central Ohio Transit Co. v. The Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. O. M. Crotty, P. S. Knight, Cleveland, for pltf. C. C. Crabbe, J. W. Bricker, J. F. Carlisle, Columbus: R. W. Sanborn, Cleveland, for deft.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

### 27. ACTIONS.

Where damages are sought for misrepresentation on plans, by which a contract was induced, theory of action not changed although damages are computed on the basis of compensation rates for extra work under the contract. Pitt. Const. Co. v. Alliance (City). US. App. 4 Abs. 557.

Where a bonding company has executed a bond (167) to a Board of Education, are material-men proper parties to a suit against the bonding company for the nonper'ormance of a contract by a contractor whose faithful performance was insured by the bond? New Amster. Cas. Co. v. Cambridge (Bd. of Ed.). OS. Pend. 4 Abs. 570.

### 103. ASSESSMENTS.

Where landowner signs petition for road improvement whereby he waives any irregularity in levying assessments, same to be signed by 51% of land-owners in the municipality; and does not intend it to become effective without the requisite majority; a successor in title is not estopped to assert the invalidity of assessment when the number of signers is below the required majority. Lucas County (Treas.) v. Peak. OA. 4 Abs. 564.

### 114. ATTORNEY'S FEES.

Where in the settlement of an estate an action to quiet title is filed and prosecuted and the court makes an allowance for attorney fees after the entry (673) is approved and filed, may the Court of Appeals open and vacate after term the judgment (677) and order on the apparent ground that the attorney fees were excessive and order the Common Pleas to fix an amount to be allowed as such fees? Binz v. Dusha. OS. Pend. 4 Abs. 573.

### 159. BOARD OF FDUCATION. See 1139. Surety Bonds.

### 167. BONDS, SURETY.

Recovery of a claimant under an indemnity bond shall be controlled by conditions and provisions of the act as though they were incorporated in the bond form prescribed by statute. Chambers et v. Southern Sur. Co. OA. 4 Abs. 563.

### 225. CHARGE OF COURT.

1. It is reversible error (465) for court to refuse charge by special request, when such request states correct application of law.

2. When the case comes within the Federal Employer's Liability Act and law applicable thereto has been construed by United States Supreme Court, state court must follow such construction. N. Y. C. & St. L. Ry. Co. v. Nucifer. OA. 4 Abs. 563.

### 291. CONSTITUTIONAL LAW.

Power to adopt zoning ordinance cannot be exercised in such arbitrary and unreasonable manner so as to render the ordinance unconstitutional in effect and operation. Terrace Park (Village) et v. Errett. US. App. 4 Abs. 558.

### 297. CONTRACTS.

Contract in which city is to pay a certain amount of money for hospital service, such money to be raised by tax levy (1157) and to be paid without regard to the amount raised each year, cannot be enforced. Lima Hos. Soc. v. Lima (City). OA. 4 Abs. 562.

### 327. COURTS. See 1079. Sentences; 675. Judges.

### 313. CORPORATIONS.

Where at a duly called stockholders meeting the stockholders authorize the employment of an auditor to make an audit for the purpose of determining whether or not a sale of the company's assets is advisable, are such stockholders personally liable for the service rendered in said audit? Wolfley et v. Thomas et. OS. Pend. 4 Abs. 571.

### 323. COUNTY COMMISSIONERS.

May purchase machinery, tools and other equipment for use in constructing and maintaining roads under 7201 GC. (Also applies to township trustees.) County Expenditures, In Re. Atty. Gen. 4 Abs. 568. (See 621. Improvements.)

### 340. CUSTODY.

The order of a court in a habeus corpus proceeding for custody of a child, must have sole reference to the best interests of the child; and neither parent has any right in conflict with its welfare. Machlin, ex parte, In Re. Com. Pl. 4 Abs. 557.

### 355. DAMAGES.

Where contract (297), whereby railroad is to deliver certain cars to consignee, is breached and consignee is deprived of the entire shipment, the measure of damages is the value of the entire shipment, and differences arising between the railroad and other Companies not parties to the contract, cannot vary or mitigate this damage. P. C. C. & St. L. Ry. Co. v. Guarantee Fin. Co. OA. 4 Abs. 567.

Where a municipal corporation, by ordinance, vacates and abandons certain streets and alleys and thereupon the owner of property adjacent to such vacated streets and alleys obstructs the view and the right of ingress and egress of an owner of property also adjacent to said street and alley, what is the measure of damages for the injury, resulting by virtue of inconvenience and depreciation of the value of property? Szakovitz et v. Great Lakes Ref. Co. OS. Pend. 4 Abs. 572.

### 413. DIVORCE.

Where a suit for divorce is filed in one county by one of the parties and summons is issued, but another suit (27) for a divorce is filed by the other party before service is obtained, has the court in which the second suit is filed, jurisdiction to render a decree for divorce? Creager v. Creager. OS. Pend. 4 Abs. 570.

### 455. EMINENT DOMAIN.

1. Where it is evident that relocation of a road is beneficial to the public, no injunction will be granted to restrain such relocation, even though private interests secure material gains and benefits thereby.

2. Where bill charges abuse of power of eminent domain, District Court has jurisdiction. Weaver v. Penna-Ohio Power & Light Co. et. U. S. App. 4 Abs. 569.

### 465. ERROR. See 225. Charge of Court.

### 561. FRAUD. See 774. Misrepresentations.

### 605. HEALTH.

Where an epidemic arises, a board of health may incur obligations without obtaining a certificate of the fiscal office and before funds are actually available or in process of collection. Emergency Sections, In Re. Atty. Gen. 4 Abs. 568.